

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-08-167-CR**

---

FIDENCIO JUAREZ, JR.                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Fidencio Juarez, Jr. appeals his twenty-year sentence imposed after the trial court revoked his deferred adjudication community supervision and adjudicated him guilty of aggravated sexual assault of a child.  We affirm.

In a single point, appellant contends that the trial court abused its discretion by admitting extraneous offense evidence during the punishment

---

[1] *See* Tex. R. App. P. 47.4.

phase of the hearing on the State's petition to adjudicate because the State did not provide appellant notice of its intent to use extraneous offense evidence as required by Texas Code of Criminal Procedure article 37.07, section 3(g).[2] We overrule appellant's point because he did not preserve his claim for review.

Appellant complains of testimony presented by Emily Orozco, a professional counselor and licensed sex offender treatment provider, who treated appellant during his term of community supervision. Appellant claims that the trial court erred by admitting Emily's testimony because the State failed to comply with article 37.07, section 3(g). The record, however, reveals that appellant's sole objection to Emily's testimony at the adjudication hearing was based on relevance.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the

---

[2] Article 37.07, section 3(g) requires the State to give notice of extraneous offenses it intends to introduce during the punishment phase in the same manner as required by rule of evidence 404(b), if the defendant requests it. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon 2006 & Supp. 2008). The record in this case shows that included among numerous pretrial motions appellant filed with the trial court was a document entitled, "Request for Notice of Intent to Introduce Evidence of Extraneous Offenses or Prior Convictions."

request, objection, or motion.[3] By failing to specifically object on article 37.07, section 3(g) grounds, appellant denied the trial court the opportunity to rule on the same complaint below and thus did not preserve error.[4] Accordingly, we overrule appellant's sole point of error and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 4, 2009

---

[3] Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

[4] *See Trevino v. State,* 991 S.W.2d 849, 854–55 (Tex. Crim. App.1999); *Blackwelder v. State*, No. 02-05-00042-CR, 2006 WL 3525383, at *2 (Tex. App.—Fort Worth Dec. 7, 2006, pet. ref'd) (mem. op., not designated for publication); *Mostiller v. State*, No. 14-01-01193-CR, 2003 WL 124294, at *2 (Tex. App.— Houston [14th Dist.] Jan. 16, 2003, no pet. ) (mem. op., not designated for publication).